IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RALPH LESTER**,

      Plaintiff,

    vs.                                                No. **CIV 03-959 MCA/ACT**

**NEW MEXICO BOARD
OF BAR EXAMINERS**, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on Plaintiff's *Motion* [Doc. 23] filed on January 12, 2009, and his *Motion to Allow Amended Pleadings* [Doc. 24] filed on January 23, 2009. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court denies the motions for the following reasons.

      This action was dismissed without prejudice on jurisdictional grounds on May 25, 2004. [Doc. 21.] Plaintiff filed his *Motion* [Doc. 23] and *Motion to Allow Amended Pleadings* [Doc. 24] more than three years later. No responses were filed to these motions, nor is there evidence that all Defendants were properly served in the first place. Before this Court ruled on the pending motions, Plaintiff filed a *Notice of Appeal* [Doc. 25] with the United States Court of Appeals for the Tenth Circuit. No mandate has been received from the Tenth Circuit as of this date.

Ordinarily, the filing of a notice of appeal divests a district court of jurisdiction. See Stewart v. Donges, 915 F.2d 572, 574 (10th Cir. 1990). Courts have recognized an exception to this rule, however, with respect to motions filed in the district court under Fed. R. Civ. P. 60(b) while an appeal is pending. See Garcia v. Regents of the Univ. of Cal., 737 F.2d 889, 890 (10th Cir. 1984); Fobian v. Storage Tech. Corp., 164 F.3d 887, 892 (4th Cir. 1999) (collecting cases).

While Plaintiff's pending motions do not cite any Federal Rule of Civil Procedure, by analogy to Rule 60(b) the Court construes them as falling under the exception noted above. Accordingly, the Court will rule on these motions within the parameters described in Garcia and Fobian, which allow such motions to be denied while an appeal is pending.

The Federal Rules of Civil Procedure do not provide grounds for amending or supplementing a pleading years after an action has been dismissed or while a notice of appeal has been filed. See Summers v. Earth Island Inst., 129 S. Ct. 1142, 1153 (2009). Further, the grounds asserted in Plaintiff's second motion [Doc. 23] do not address, much less overcome, the jurisdictional defects noted in the Court's earlier order of dismissal. [Doc. 21.] For these reasons, Plaintiff's motions must be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion* [Doc. 23] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion to Allow Amended Pleadings* [Doc. 24] is **DENIED**.

**SO ORDERED** this 20th day of July, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**